[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 Date of Sentence August 10, 1994 Date of Application August 10, 1994 Date Application Filed August 10, 1994 CT Page 3842 Date of Decision March 28, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury.
Docket No. CR93-85428; MV93-210062;
Michael Courtney, Esq., Defense Counsel, for Petitioner.
David Holzbach, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of illegal possession of a narcotic substance in violation of General statutes § 21a-279a and disregarding the signal of a police officer in violation of General Statutes § 14-223(b).
A sentence of four years was imposed on the first count and a $500 fine was imposed on the motor vehicle offense. The fine was remitted. The total effective sentence was four years.
The facts underlying petitioner's conviction indicate that on June 4, 1993, at approximately 2:03 a.m., a Danbury police officer observed petitioner operating a motor vehicle in that city. The officer, being aware that petitioner did not possess a motor vehicle operator's license, attempted to stop petitioner. The officer activated his overhead emergency lights and sped up in an attempt to apprehend petitioner. Eventually, petitioner's vehicle was forced to stop when it reached the end of a parking area.
Petitioner was placed under arrest and, in a search of his vehicle, incident to such arrest, a clear plastic bag containing four paper folds of white powder substance which proved to be cocaine were found.
Petitioner's attorney argued for a reduction in sentence. He stated that petitioner's offenses resulted from his drug CT Page 3843 dependency. Petitioner himself stated that he was a drug addict and could not help himself. Petitioner and his attorney argued for a suspension of a portion of the sentence so that petitioner could obtain treatment for his addiction.
The state's attorney argued against any reduction in sentence. He pointed out petitioner's record of drug convictions and that petitioner had been afforded treatment but that he had left the program within four days. The attorney also pointed out that while petitioner had been reporting to the Alternative Incarceration Center prior to disposition, he had at least two positive urine tests.
In imposing sentence, the judge carefully considered petitioner's prior criminal record, particularly crimes involving narcotics. The judge also considered petitioner's refusal to take advantage of opportunities afforded him to correct his reliance on drugs.
The sentence imposed here after trial was well under the maximum prescribed by statute. It cannot be found that the sentence imposed was inappropriate or disproportionate. Practice Book § 942.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.